Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2710 | **DATE** | July 9, 2012 |
| **CASE TITLE** | Johnnie Stallings (#2012-0106225) vs. Correctional Officer Mirchev, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied pursuant to 28 U.S.C. § 1915(g) and the complaint is summarily dismissed with prejudice for failure of the plaintiff to advise the court that his action is barred under the statute. The case is terminated. Having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, the plaintiff must pay any outstanding fees.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers at the jail, violated the plaintiff's constitutional rights by using unjustified force against him.

    The plaintiff seeks leave to proceed *in forma pauperis*. The motion must be denied because the plaintiff has accumulated at least three "strikes." The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    At least three of the plaintiff's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Stallings v. Norris*, Case No. 11 C 7350 (N.D. Ill.), dismissed on preliminary review by Minute Order of January 17, 2012 (Coleman, J.); *Stallings v. Rhodes*, Case No. 11 C 8141 (N.D. Ill.), dismissed on preliminary review by Minute Order of November 18, 2011 (Bucklo, J.); and *Stallings v. Bishop*, Case No. 12 C 0959 (N.D. Ill.), dismissed on **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

preliminary review by Minute Order of February 22, 2012 (Coleman, J.). In fact, the court expressly advised the plaintiff in *Bishop* that he had "struck out." *See* Minute Order of February 22, 2012, at pp. 1 and 2.

Notwithstanding his knowledge that he is barred from doing so, the plaintiff has nevertheless sought leave to proceed *in forma pauperis*, and without disclosing his 1915(g) status to the court. Consequently, the plaintiff's effective "fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The complaint is accordingly dismissed with prejudice.

As an additional concern, the court notes that the plaintiff made material omissions in his complaint. The civil rights complaint form the plaintiff used instructed him to list all previous lawsuits. (Complaint, p. 3.) The plaintiff, however, disclosed only one pending lawsuit, failing to mention at least seven others, including the three in which he was assessed strikes. The plaintiff's effective "fraud" on the court offers an independent justification for "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The U.S. Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully divulge his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). The plaintiff is cautioned to be honest, accurate, and complete in any court future filings he submits.

Finally, the plaintiff is advised that the PLRA contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits...." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The court questions whether the plaintiff could have exhausted grievance procedures in the short time between the occurrence of the events giving rise to this action and the initiation of the lawsuit (the complaint is dated and signed six days after the alleged assault).

Having brought this action, the plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.*